CASE 45—PETITION ORDINARY—NOVEMBER 14.

# Downey v. Pence.

APPEAL FROM FRANKLIN CIRCUIT COURT.

MASTER AND SERVANT.—If a servant voluntarily and knowingly exposes himself to danger and is injured he can not recover.

Where a servant engaged in brazing, sharpening and repairing saws which required the use of a fire and forge had been warned by the master of the danger of doing his work in a room in which there was powder, and must also have known of the danger by seeing the powder, he can not recover of the master for injuries resulting from an explosion caused by his use of the room.

CROMWELL & FRANKLIN FOR APPELLANT.

1. The court erred in refusing to permit counsel for appellant to examine the jurors separately after a panel had been ordered, before being required to strike from the list composing the panel.

(Gen. Stats., chap. 62, art. 5, sec. 5; London & Lancashire Fire Ins. Co. v. Rufer's Adm'r, 89 Ky., 525.)

2. It was not sufficient to instruct the jury that it was the duty of defendant to provide plaintiff with a place free from extraordinary risks in which to perform his work, but they should have been instructed that he was responsible in damages, if injury resulted from his failure to provide such a place. (Shearman & Redfield on Negligence, sec. 194; Buzzell v. Laconia Mfg. Co., 48 Maine; Hough v. Railway Co., 100 U. S., 213; Bailey on Master and Servant, p. 34.)

3. Although plaintiff had knowledge of the dangerous substances being in the house at the time he entered, he was not, as a matter of law, thereby prevented from recovering. It was a question for the jury whether he acted with ordinary care under all the circumstances. (Shearman & Redfield on Negligence, secs. 209-211.)

4. Considering the quantity of powder and dynamite and the space in which it was kept, it constituted a nuisance, and the defendant was liable for the damages resulting without regard to whose negligence caused the injury. (Wood on Nuisance, sec. 140, p. 152; Myers v. Malcolm, 6 Hill, 292; Heeg v. Light, 80 N. Y., 579; Hough v. Railway Co., 100 U. S., 213.)

WM. H. HOLT AND J. A. SCOTT FOR APPELLEE.

If the servant voluntarily and knowingly exposes himself to danger and is injured he can not recover. (Sullivan's Adm'r v. Louisville Bridge Co., 9 Bush, 81.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant was in the service of the appellee, and whilst engaged in brazing, sharpening and repairing saws in a shed-room or office near the mill and factory of his employer, was seriously injured by an explosion of powder in the room or office where he was at work, and of the presence of which he claims to have been ignorant.

The work at which he was engaged required the use of a fire and forge, and it is clear that some act of the plaintiff caused the explosion, but upon the theory that the defendant ought to have furnished a safe place in which to do the

work and had placed this dangerous material in the room or office, and had failed to warn the plaintiff of the fact, appellant instituted this action for damages. The trial resulted in a verdict for the defendant.

The first error complained of in argument is that the court refused to permit counsel for the appellant to examine the jurors separately, after the panel had been ordered, before being required to strike from the list composing the panel. But whatever rights the appellant may have had under the statute relied on (chapter 62, article 5, section 5, General Statutes), [Ky. Stats., sec. 2267], there is nothing in the record showing a denial of them by the court. Complaint on this behalf appears to have been first raised on the motion and in the grounds for a new trial. If counsel asked to examine the jurors or the court refused them permission to do so, the record is silent on the subject.

It is also insisted that the court misinstructed the jury and failed to give certain instruction asked for by appellant.

The law submitted to the jury by the court required the defendant, by the use of ordinary care, to avoid exposing the plaintiff to extraordinary risks or dangers while engaged at his work, and to provide a place free from such risks or dangers, so far as he could do so, by the use of ordinary care, and if powder, dynamite or other explosive substances were stored or placed in the shed-room or office of the defendant with the knowledge, direction or consent of the defendant, or if defendant might have known of the location of such explosives by the use of such care and diligence as an ordinarily prudent person would use in the same business or under like circumstances, and the plaintiff, by reason of the dangerous location of the powder, etc., was injured by its

explosion without the wrong or fault of the plaintiff, as sub-
sequently defined, then the plaintiff was entitled to recover
such sum as would compensate him for his injuries, etc.
Moreover, if the defendant knew of the location of the pow-
der in the room and of the plaintiff's danger at the time of
or immediately preceding the accident, and, by the exercise
of ordinary care, could have prevented the injury, the jury
were told that it was his duty to do so; and, if defendant,
with such knowledge, failed to notify or warn the plaintiff
of his probable or impending danger, they were told to find
for the plaintiff.   If, however, the defendant furnished the
plaintiff with a reasonably safe place in which to work, con-
sidering the nature of the work and the purposes for which
the premises were used, the jury were to find for the defend-
ant.

Unobjectionable definitions of contributory negligence
and ordinary care were given, and the jury were told that if
they believed from the evidence that the plaintiff, by such
negligence on his part, brought about his injury, and but for
it, it would not have occurred, he could not recover. And last-
ly they were told that, if the plaintiff, before he went into the
house where the powder was, was notified by the defend-
ant not to go there by reason of its being there, or if plain-
tiff knew it was there, and that it was dangerous to go there,
and he voluntarily did so and exposed himself to it, and in
consequence was injured, he could not recover.

These instructions seem to us to embrace the law of the
case.   The chief issue of fact was whether or not the plain-
tiff knew of the danger and was notified of it and warned by
the defendant not to use the house for brazing and sharpen-
ing the saws.   On this the testimony is somewhat conflict-
ing, but it fairly conduces to show that the plaintiff **did**

know of the danger and was told by the defendant not to do the work in the house where the accident occurred.

It is contended that if the defendant knew of the location of the powder in the room and of the plaintiff's danger, and by the exercise of ordinary care could have prevented the injury, he is liable, even though the plaintiff knew or could have known that the powder was in the room.

This is not the law. If the servant voluntarily and knowingly exposes himself to danger and is injured, he can not recover. Here he was notified and warned of the danger. He must have known of it also by seeing the explosives in the room. The defendant pleaded contributory negligence on the part of the plaintiff, and instructions ignoring the plea as offered by the plaintiff would have been improper.

It is insisted that the court placed the right of the plaintiff to recover upon the single question as to whether he knew that the explosives were in the house or had been told that they were there at the time he entered. This is true, with the further proviso that the plaintiff knew it was dangerous to go there, and he voluntarily did so and exposed himself to it, and was, in consequence, injured.

This seems to us to be the correct rule in cases of this kind. It may be that, ordinarily, it is a question for the jury to decide whether the injured party acted with ordinary care under all the circumstances. Mere knowledge on the servant's part or notice to him of the existence of defective machinery, for example, is not sufficient generally to bar recovery. In discussing the question, Shearman and Redfield (section 210) say that a master can not change the rule of law governing the relation between himself and his servants by a mere notice without their assent. But, as a matter of law, can a servant, knowing the danger of applying fire to

powder, and knowing the location of the powder, voluntarily light his fire in proximity thereto over the protest and warning of his employer, and yet recover? And when such facts are established before the jury, is not the evidence of wanton recklessness so palpable as that the law must preclude recovery?

We think, if the state of case submitted to the jury in the instruction complained of was found by that body to exist, the law was for the defendant, and it was proper for the court to so tell the jury. It is thought that the instruction is particularly objectionable, because it calls attention to the testimony of the appellee in giving notice to the appellant of the location of the powder and danger in going about it. But it was material, not only to show that the appellant had notice of these things, but, as bearing on the appellee's care in the premises, it was material to show that appellee himself gave the notice and warning,and there was no way to do this except in the appropriate language used.

The judgment must be affirmed.